IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHESAPEAKE BAY FOUNDATION, INC., *et al.*,<br><br>                             Plaintiffs,<br>        v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>                             Defendants<br><br>STATE OF MARYLAND, *et al.*,<br><br>                             Plaintiffs,<br>        v.<br><br>  MICHAEL S. REGAN, *et al.*,<br><br>                             Defendants. | Civil Case No. 1:20-cv-2529-CJN<br>(consolidated with 1:20-cv-2530-CJN) |

### UNOPPOSED MOTION BY STATE OF NEW YORK AND NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION TO WITHDRAW AS PARTIES

Intervenor-Defendants the State of New York and the New York State Department of Environmental Conservation (together, "New York") seek an order dismissing them as parties from these consolidated cases under Federal Rule of Civil Procedure 21. On January 19, 2022, the Parties jointly filed a stipulation under Federal Rule of Civil Procedure 41(a)(1)(ii) voluntarily dismissing Plaintiffs' claims for relief concerning New York's 2019 Phase III Watershed Implementation Plan ("WIP") and EPA's evaluation of that WIP. Doc. No. 36. Therefore, New York no longer has a direct interest in these cases and is not indispensable under Federal Rule of Civil Procedure 19. New York respectfully requests an order dismissing State of

1

New York and the New York State Department of Environmental Conservation as parties. *See* Fed. R. Civ. P. 21. All parties have consented to the relief New York seeks in this motion.

<u>In support of this motion, New York states the following</u>:

1. In these consolidated cases, states and environmental groups initially challenged EPA's evaluations of Phase III WIPs submitted in 2019 separately by the State of New York and the Commonwealth of Pennsylvania under the 2014 Chesapeake Bay Watershed Agreement.

2. On November 18, 2020, New York moved unopposed to intervene in these cases as party defendants, *see* Doc. Nos. 14, 14-1, 14-2, 14-3, 15, 15-1, 15-2, and 15-3.

3. In support of the motion, New York demonstrated an interest in defending the adequacy of its 2019 Phase III WIP and EPA's 2019 evaluation of it, which Plaintiffs had challenged in their respective complaints as inadequate.

4. Specifically, New York's motion to intervene explained that "[i]f Plaintiffs are successful, New York would face additional regulatory action by EPA, adversely affecting economic activities in New York in the agricultural, land development and wastewater sectors. Although New York and EPA share an interest in defending New York's WIP, EPA and New York's interests are not the same because New York's interest is solely to defend its plan while EPA may have discretion to impose additional requirements on New York such as stormwater effluent limitations or other "backstop" measures that Plaintiffs seek. Moreover, EPA cannot adequately represent New York's distinct sovereign, regulatory, proprietary, and parens patriae interests." Mot. to Intervene, Doc. 14, at 2-3.

5. The Court granted New York's motion via minute order entered January 28, 2021.

6. In May 2021, New York submitted an Amended Phase III WIP (Amended WIP) to EPA. EPA issued an evaluation of the Amended WIP in July 2021.

7.      On October 7, 2021, New York moved to dismiss as moot the complaints with respect to New York's 2019 WIP and EPA's evaluation of the same on the basis that "New York's May 2021 Amended WIP and EPA's positive July 2021 evaluation of it fully address the alleged deficiencies in the prior 2019 WIP and have superseded New York's 2019 WIP and EPA's prior 2019 evaluation." Mem. of Law in Support of Mtn. to Dismiss of St. of N.Y. & N.Y. St. Dep't of Envtl. Conserv., Doc. No. 33-1, at 1-2.

8.      Plaintiffs and the federal defendants did not file a response to New York's motion, but instead on January 19, 2022, the Parties jointly filed a stipulation under Federal Rule of Civil Procedure 41(a)(1)(ii) voluntarily dismissing "Plaintiffs' claims for relief in their respective complaints concerning New York's 2019 Phase III Watershed Implementation Plan ("WIP") and EPA's evaluation of that WIP." Doc. No. 36, at 1. The stipulation further provided that New York's pending motion to dismiss (Doc. No. 33) would be deemed withdrawn and that parties would bear their own attorney's fees and costs with respect to the claims being dismissed. *Id.*

9.      Because Plaintiffs no longer challenge the adequacy of New York's 2019 WIP, or EPA's evaluation of it, the interests New York sought to protect through intervention in these cases are no longer threatened, and there is no need for New York to continue its participation. Plaintiffs no longer seek any relief in this Court concerning New York's 2019 WIP or EPA's evaluation of it such as additional requirements on New York, stormwater effluent limitations or other "backstop" measures by EPA.

10.     Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

11. The court may drop a party "whose presence no longer affects the issues being litigated." *Letherer v. Alger Grp., L.L.C.,* 328 F.3d 262, 267 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Cap. Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008); *see Glendora v. Malone*, 917 F. Supp. 224, 227 (S.D.N.Y. 1996) ("Clearly, the court may rely on Rule 21 to delete parties that have no connection to the claims asserted.").

12. The primary limitation on Rule 21 is that a court may not drop a party deemed indispensable under Rule 19. *See Bogaert v. Land*, No. 1:08-CV-687, 2009 WL 1010950, at *1 (W.D. Mich. Apr. 14, 2009); *see Pilkin v. Sony Corp.*, No. 17-2501 (RDM), 2020 WL 4286823, at *2 (D.D.C. July 24, 2020) (dismissing dispensable party under Rule 21); *see Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time"); *see also Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1155 (11th Cir. 1985) (citing *Ralli-Coney, Inc. v. Gates*, 528 F.2d 572, 575 (5th Cir.1976)) (holding that the court must make a finding that a party is not indispensable under Rule 19 before it can effect a Rule 21 dismissal).

13. Under Rule 19(a)(1), a party is indispensable if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

14. Here New York is not an indispensable party because, following the voluntary dismissal of the New York-related claims via the stipulation filed January 19, 2022, none of the Rule 19(a) situations is present, and New York's continued participation is not necessary.

15. Plaintiffs no longer seek any relief with respect to New York, its 2019 WIP or EPA's evaluation of its 2019 WIP. Plaintiffs have not challenged New York's Amended WIP or EPA's evaluation thereof. Therefore, New York is not indispensable under Rule 19(a)(1)(A).

16. For similar reasons, under Rule 19(a)(1)(B), New York no longer claims an interest relating to the subject of these actions; nor would disposing of the action in the absence of New York impair any interests of New York or leave any other remaining parties subject to double, multiple, or otherwise inconsistent obligations.

17. Finally, because the Parties agreed in the stipulation of voluntary dismissal that New York's pending motion to dismiss would be deemed withdrawn, and each party would "bear its own attorney's fees and costs with respect to such claims [that were being dismissed]" Doc. 36, at 1, and because all Parties have consented to the relief sought in this motion, there is no need to place any conditions on New York's withdrawal. *See Bogaert v. Land*, No. 1:08-CV-687, 2009 WL 1010950, at *1-2.

For the foregoing reasons, Intervenor-Defendants the State of New York and the New York State Department of Environmental Conservation respectfully request that the Court enter an order dismissing them as parties from these cases under Rule 21.

Respectfully submitted:

Dated: April 26, 2022

FOR THE STATE OF NEW YORK AND
NEW YORK STATE DEPARTMENT
OF ENVIRONMENTAL CONSERVATION

LETITIA JAMES
*Attorney General of New York*

*/s/ Claiborne E. Walthall*
CLAIBORNE E. WALTHALL
*Assistant Attorney General*
New York State Office of the Attorney General
Environmental Protection Bureau

5

State Capitol
Albany, NY 12224
(518) 776-2380
claiborne.walthall@ag.ny.gov

Philip M. Bein
*Senior Counsel*
New York State Office of the Attorney General
Environmental Protection Bureau
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8797
philip.bein@ag.ny.gov

*Counsel for Intervenor-Defendants State of New York and the New York State Department of Environmental Conservation*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2022, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

<i>/s/ Claiborne E. Walthall</i><br>
Claiborne E. Walthall